**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DWAYNE GARRETT,

      Plaintiff-Appellant,

v.

RICK ESSER; JERRY MADDUX;
CARLOTTA GORDON; MARGARET
SNOW; TOM JENNER; KAREN
CARDEN WALSH; JOE L. WHITE;
and CURTIS DELAPP, individually,

      Defendants-Appellees.

No. 02-5050

(D.C. No. 02-CV-16-P)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This *pro se* appeal stems from an action in the Northern District of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oklahoma. Due to the numerous filings made by Appellant in that district, he has been prohibited from proceeding as a plaintiff unless he is represented by a licensed attorney admitted to practice in the court or unless he first obtains permission to proceed *pro se*. Order, Case No. 00-C-195-E, Docket No. 33-1 (Filed Nov. 13, 2000).

> Garrett has no absolute, unconditional right of access to the courts and no constitutional right to prosecute frivolous or malicious actions. See In re Winslow, 17 F.3d 314 at 315-16 (10th Cir. 1994). Because Garrett has continually abused the district court process, the Court, sua sponte will impose reasonable filing restrictions on him. Id. A court may impose restrictions commensurate with its inherent power to enter orders "necessary and appropriate" in aid of jurisdiction. 28 U.S.C.§ 1615. DePineda v. Hemphill, 34 F.3d 946 (10th Cir. 1994); Werner v. State of Utah, 32 F.3d 1446 (10th Cir. 1994).

Id. at 3-4.

In the instant case, Plaintiff was not represented by an attorney nor did he obtain permission to proceed *pro se*. Consequently, the magistrate judge recommended that the court dismiss the case unless, within ten days, Appellant took all necessary steps to obtain permission to proceed *pro se*. After consideration of Appellant's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case noting that Appellant had failed to comply with the report and recommendation.

A thorough review of the briefs and the record demonstrates that Appellant has failed to comply with the filing sanctions imposed on him by the Northern

District of Oklahoma.  Therefore, for substantially the same reasons set forth in the district court's April 22, 2002, Order adopting the magistrate judge's report and recommendation, we hold that no relief is available to Mr. Garrett.

The decision of the trial court is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge