**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DWAYNE M. GARRETT,

      Plaintiff - Appellant,

v.

OKLAHOMA CORPORATION
COMMISSION, Sued as: State of
Oklahoma, Corporation Commission;
BILL SHUFELDT,

      Defendants - Appellees.

No. 02-5089
D.C. No. 01-CV-668-E
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

    [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dwayne Garrett, proceeding *pro se*, appeals from an order of the district court dismissing his 42 U.S.C. § 1983 civil rights complaint. The district court referred Garrett's complaint to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1). In her report and recommendation, the magistrate judge noted that the United States District Court for the Northern District of Oklahoma had previously imposed filing restrictions on Garrett based on his history of frivolous and abusive *pro se* litigation. The magistrate judge further noted that Garrett had not complied with the filing restrictions and recommended that his complaint be dismissed unless he complied with the filing restrictions within ten days of the issuance of the report and recommendation. The report and recommendation specifically informed Garrett that the failure to file a timely and specific objection to the report and recommendation would result in the waiver of appellate review. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996). Nevertheless, in response to the report and recommendation, Garrett filed a pleading simply stating as follows: "Objection: If you want to be part of this malicious prosecution—so be it." Because Garrett had failed to comply with the filing restrictions and had failed to file specific

objections to the report and recommendation, the district court adopted the report and recommendation and dismissed Garrett's complaint.[1]

On appeal, Garrett challenges the dismissal of his complaint for failure to comply with the filing restrictions. We conclude that Garrett has waived appellate review by failing to file specific objections to the magistrate judge's report and recommendation. Rule 72 of the Federal Rules of Civil Procedure provides that when a magistrate judge issues a ruling on a dispositive pretrial motion, a party has ten days after service to "serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). This court has held that failure to file a specific objection to a magistrate judge's report and recommendation constitutes a waiver of appellate review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Objections to the

---

[1]Three days after the district court adopted the magistrate judge's report and recommendation and dismissed Garrett's complaint, Garrett filed a letter with the court asserting that the order was "void." The district court entered a minute order directing the court clerk to treat Garrett's letter as a motion for reconsideration. Because the motion for reconsideration was filed within ten days of the entry of judgment, the motion tolled the time period for filing a notice of appeal until the district court resolved the motion. *See* Fed. R. App. P. 4(a)(4). Garrett's frivolous assertion in his appellate filings that this minute order constituted an attempt by the district court to vacate its previous order adopting the report and recommendation and dismissing the case is a gross mischaracterization of the record. The district court eventually denied the motion for consideration, and denied as moot numerous other motions filed by Garrett after the district court had already dismissed the action. Garrett then filed a timely notice of appeal.

magistrate judge's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute. *See id.* Here, it is clear that Garrett's glib, one-line "objection" was clearly insufficient to focus the district court on the issues in dispute. Although this court recognizes an interests of justice exception to the "firm waiver rule," *see id.*, Garrett has not offered any reasons why the interests of justice weigh against application of the waiver rule in this case. Accordingly, this court concludes that Garrett has waived appellate review and **AFFIRMS** the order of the district court dismissing Garrett's complaint.

ENTERED FOR THE COURT


PER CURIAM