**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DWAYNE GARRETT,

      Plaintiff-Appellant,

v.

STEPHANIE K. SEYMOUR; JAMES
H. PAYNE; WILLIAM B. GUTHRIE;
CAROLYN ZUNDA; FRANK H.
SEAY; JOHN C. PORFILIO;
STEPHEN H. ANDERSON;
DEANELL R. TACHA; BOBBY R.
BALDOCK; WADE BRORBY;
DAVID M. EBEL; PAUL J. KELLY,
JR.; ROBERT H. HENRY; MARY
BECK BRISCOE; CARLOS F.
LUCERO; MICHAEL R. MURPHY;
HARRIS L. HARTZ; MICHAEL W.
MCCONNELL; MONROE G.
MCKAY; ARDELL SCHULER;
OPAL A. CARTER; SUSAN S.
BRANDON; SHELDON J.
SPERLING,

      Defendants-Appellees.

No. 06-7029
(D.C. Nos. CV-05-472-WH,
CV-06-42-WH)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN** and **BARRETT**, Circuit Judges, and **BROWN**,[**] District Judge.

Plaintiff-appellant Dwayne Garrett, proceeding pro se, appeals from the district court's sua sponte dismissal of his complaints. We have jurisdiction under 28 U.S.C. § 1291 and affirm. Mr. Garrett has engaged in frivolous and abusive litigation; filing restrictions are necessary to arrest that practice.

In the first of two actions that form the basis of this appeal, Mr. Garrett alleged that the defendants, who are federal judges, federal-court clerks and staff, and a United States attorney and staff, deprived him of in excess of $1,500,000 by either blocking lawful process or submitting a false document. Mr. Garrett did not allege any facts describing the manner in which defendants acted but asserted that their conduct violated a variety of federal criminal statutes, including racketeering, conspiracy, and mail fraud. In a second action filed two months after the first, he alleged that three of the defendants, acting in conspiracy with the rest of the defendants, blocked the district court clerk's entry of default and default judgment, which also deprived him of in excess of $1,500,000 and was in violation of federal criminal statutes prohibiting conspiracy and influencing court officers. In both actions he sought a jury trial, treble damages, and an order

---

[**] The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

compelling defendants to terminate their association with the federal court system.

The district court consolidated the actions and dismissed the complaints sua sponte for failure to state a claim under Fed. R. Civ. P. 12(b)(6), concluding that the complaints were conclusory, that Mr. Garrett could not prevail on the facts alleged, and that allowing him an opportunity to amend his complaint would be futile. The court also noted that Mr. Garrett had cast aspersions at defendants. For example, he referred to various defendants as "thugs," R., Doc. 1 at 2, "dumb," *id*. at 8, "pathetic," *id*., and part of a judicial system that is "absolutely shamelessly corrupt and in fact down right [sic] evil," *id*. at 9. The district court denied Mr. Garrett's motion to vacate the judgment and imposed filing restrictions on him because of his lengthy history of abusive pro se federal litigation in the United States District Court for both the Eastern District and the Northern District of Oklahoma and because of his apparent intent to harass the defendants in these actions. This appeal followed.

We review de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6). *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). We construe Mr. Garrett's pleadings and other papers liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Mr. Garrett's argument that the district court lacked the power to dismiss his complaint sua sponte is meritless. *See id*. at 1110 (explaining that sua sponte

dismissal under Rule 12(b)(6) is appropriate "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile" (quotation omitted)). Mr. Garrett's allegations are wholly conclusory, and he has not shown that amendment would not be futile.

Equally meritless is his assertion that the district court clerk was obligated to enter default judgment against defendants in the first action pursuant to Fed. R. Civ. P. 55(b)(1) because he requested a sum certain. First, it is unclear from the record if defendants were in default at the time the district court sua sponte dismissed the case. Second, even if they were in default, the clerk had not entered default under Rule 55(a), a prerequisite for the entry of a default judgment under Rule 55(b)(1). Third, even if the clerk should have entered default, the clerk had no power to enter a default judgment under Rule 55(b)(1) because Mr. Garrett's claims against the defendants were not merely for a sum certain but included equitable relief. *See* Fed. R. Civ. P. 55(b)(1), (2) (permitting clerk to enter default judgment only when plaintiff's claim is for a sum certain). Whether to enter a default judgment therefore was a matter for the district court under Rule 55(b)(2), and it was within the district court's discretion to deny Mr. Garrett's request for a default judgment because his complaints were legally insufficient to state a claim. *See Granbouche v. Clancy*, 825 F.2d 1463, 1468

(10th Cir. 1987) (district courts have "broad discretion in deciding a default judgment question").

The remainder of Mr. Garrett's arguments are irrelevant or meritless, and he has not challenged the district court's imposition of filing restrictions. Mr. Garrett's motions to strike appellees' brief and to disqualify appellees' counsel are wholly without merit and are denied. His motion to disqualify the defendant-judges of this circuit is denied as moot because none of those judges are on the panel in this case. His motion to disqualify most of the other United States Circuit Judges is frivolous and therefore denied.

We conclude that this appeal is frivolous, abusive, and malicious. Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam). Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See id.* at 353-54.

Since 2002, Garrett has filed five other unsuccessful appeals with this court. *See Garrett v. Albert*, 111 F. App'x 997 (10th Cir. 2004) (affirmed on ground of judicial immunity); *Garrett v. Esser*, 81 F. App'x 720 (10th Cir. 2003)

(per curiam) (no merit to appeal); *Garrett v. Schuler*, 81 F. App'x 720 (10th Cir. 2003) (per curiam) (no merit to appeal); *Garrett v. Okla. Corp. Comm'n*, 56 F. App'x 442 (10th Cir. 2003) (per curiam) (affirmed on ground that Garrett had not objected to magistrate judge's recommendation); *Garrett v. Esser*, 53 F. App'x 530 (10th Cir. 2002) (affirmed on ground that Garrett had violated filing restrictions imposed by Northern District of Oklahoma). Thus we have repeatedly found his appeals to be without merit and have summarily dismissed two of them with no discussion. His filings in this frivolous appeal are replete with ad hominem attacks on the defendants, the district court judge, and defendants' counsel, and far exceed the bounds of propriety even considering his pro se status. Of particular note are the vile and insulting references to the district court judge contained in Mr. Garrett's notice of appeal, where he states that the judge is "stupid," "a Constitutional rapist," "a 'poster child' for judicial reform," and "childish," and that the judge "presumed jurisdiction to fix the case for [his] business associates." Aplee. App. at A66.

In 2000, the United States District Court for the Northern District of Oklahoma imposed filing restrictions on Mr. Garrett for his pattern of frequent and abusive litigation, and he has failed to comply with those restrictions on at least one occasion. *See Garrett v. Esser*, 53 F. App'x at 531 (describing Mr. Garrett's violation of those restrictions). As noted above, the United States District Court for the Eastern District of Oklahoma has imposed filing restrictions

in this case based on his history of filing frivolous, malicious, and abusive complaints. We now do the same.

"The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (quotation and alteration omitted). "[W]here, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *Id.* (quotation omitted). Therefore, subject to Mr. Garrett's opportunity to object, as described below, we impose the following reasonable filing restrictions on future filings in this court by Mr. Garrett "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction." *Id.* (quoting 28 U.S.C. § 1651(a)).

Mr. Garrett is ENJOINED from further filings in this case (except any objections to these filing restrictions) or from proceeding as a petitioner in an original proceeding or as an appellant in this court unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se. To obtain permission to proceed pro se, Mr. Garrett must take the following steps:

1. File a petition with the clerk of this court requesting leave to file an original proceeding or to proceed pro se on appeal. If Mr. Garrett seeks to

proceed pro se on appeal, he must file the petition with the clerk of this court not more than ten days after filing his notice of appeal in the district court;

2.  Include in the petition the following information:

A.  A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and

B.  A list apprising this court of all outstanding injunctions or orders limiting Mr. Garrett's access to federal court, including orders and injunctions requiring him to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

3.  File with the clerk of this court a notarized affidavit, in proper legal form, which recites the issues Mr. Garrett seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged.  The affidavit also must certify, to the best of Mr. Garrett's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal or other matter is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.  The affidavit must be filed with the

petition and is therefore subject to the same ten-day filing deadline as the petition in the case of a pro se appeal.

These documents shall be submitted to the clerk of this court. The matter will be dismissed for failure to prosecute if the required documents are not submitted, are submitted in an improper form, or are untimely submitted. If the matter is not dismissed for failure to prosecute, the clerk shall forward the documents to the Chief Judge or her designee for review to determine whether to permit Mr. Garrett to file an original proceeding or to pursue an appeal. Without the approval of the Chief Judge or her designee, the matter will be dismissed. If the Chief Judge or her designee approves the petition, an order shall be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

These filing restrictions are effective immediately, but temporarily. They shall remain in effect for forty days. Mr. Garrett shall have fifteen days from the date of this order to file written objections to the imposition of permanent filing restrictions. The response is limited to fifteen pages. If Mr. Garrett does not timely file objections, the temporary filing restrictions shall become permanent. If Mr. Garrett timely files objections, the temporary filing restrictions shall expire after forty days unless this court extends them. After considering timely filed objections this court will decide whether to vacate, modify, or make permanent the temporary filing restrictions.

The judgment of the district court is AFFIRMED. Mr. Garrett's pending motions are denied. Mr. Garrett is ENJOINED from further filings in accordance with the restrictions set out in this order and judgment, subject to his opportunity to file objections as stated herein.

Entered for the Court


Terrence L. O'Brien
Circuit Judge