Dwayne GARRETT, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–225 C.

United States Court of Federal Claims.

Oct. 5, 2007.

Dwayne Garrett, Ramona, OK, pro se.

William Porter Rayel, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

*OPINION*

HEWITT, Judge.

Before the court are Defendant's Motion to Dismiss (Defendant's Motion or Def.'s Mot.), plaintiff's Response to [Defendant's Motion to Dismiss] (Plaintiff's Response or Pl.'s Resp.), and Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Defendant's Reply or Def.'s Reply).

I. Background

Defendant moves to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. 1. Defendant argues that this court lacks subject matter jurisdiction over the case and that plaintiff fails to state a claim upon which relief may be granted. *Id.* Defendant also requests that the court bar plaintiff from filing any future complaints in this court without first obtaining permission. *Id.*

Pro se plaintiff Dwayne Garrett filed a complaint with this court on April 6, 2007, alleging that he "contracted with the United States of America to perform work as a private attorney general" and that his work "was actively frustrated by agents and officers of the United States who repeatedly breached non-discretionary duties required under the contract." Plaintiff's Complaint (Compl.) 2. Plaintiff further alleges fraud, bad faith and "tortious breach of contract." *Id.* Plaintiff alleges that he was offered a contract on November 28, 2005, *id.*, and that this contract was breached on January 27, 2006 and February 13, 2006, *id.* at 2–3. Plaintiff further alleges that an officer of the United States committed fraud on February 23, 2006 by dissolving the contract and breached a non-discretionary duty on March 15, 2006. *Id.* at 3. Plaintiff alleges that a second contract was made April 5, 2006 and fraud was committed on this second contract on February 23, 2007. *Id.* Finally, plaintiff alleges that "officers of the United States breached a non-discretionary duty to award the fruit of the second contract" on March 16, 2007. *Id.*

The first contract to which plaintiff refers is his complaint filed November 23, 2005 in the United States District Court for the Eastern District of Oklahoma. *Id.* at 4, Exhibit (Ex.) 1; Def.'s Mot. 2. Plaintiff fails to make clear what exactly plaintiff considers to be his second contract with the United States. Plaintiff attaches numerous exhibits to his complaint, the sixth of which he calls "Abstract in support of second contract." Compl. 4. Plaintiff's Exhibit Six is an order and judgment (Order) in which the Eastern District of Oklahoma denied plaintiff's motion to vacate its order of February 23, 2006 dismissing his complaint. Compl. Ex. 6. The Order does not support plaintiff's assertion that it is an "Abstract in support of second contract." *Id.* Plaintiff also identifies the Order as the third breach of duty by the government. Compl. 4 (stating "Exhibit six: Third Breach of duty"). Defendant argues that plaintiff's claims do not fall within the jurisdiction of this court as set forth in the Tucker Act. Def.'s Mot. 5–6. Not only did plaintiff fail to satisfy the pleadings standards set forth in rule 9(h) of the RCFC, Def.'s Mot. 5, he "failed to plead the ordinary elements necessary to prove a contract with the Government[:] . . . (1) mutuality of intent to contract (*i.e.*, offer and acceptance); (2) consideration; (3) lack of ambiguity in offer and acceptance; and (iv) a Government representative who had actual authority to bind the Government in contract." *Id.* at 6 (citing *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed.Cir.1990); *Cruz–Pagan v. United States*, 35 Fed.Cl. 59, 60 (1996)).

Because the court concludes that plaintiff never entered into an implied contract with the United States, this court does not have jurisdiction over his claims and therefore GRANTS Defendant's Motion.

II. Legal Standards

The question of whether this court has subject matter jurisdiction over a claim is a threshold matter that must be determined at the outset. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed.Cir. 2007). "If the court finds that it lacks juris-

diction over the subject matter, it must dismiss the claim." *Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006); *see* RCFC 12(h)(3).

Plaintiff bears the burden of establishing subject matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) (citing *Zunamon v. Brown,* 418 F.2d 883, 886 (8th Cir.1969); *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)); *Mients v. United States,* 50 Fed.Cl. 665, 668 (Fed.Cl.2001). As a general matter, complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Howard v. United States,* 74 Fed.Cl. 676, 678 (2006) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed. Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir. 2004) (Table).

 The jurisdiction of The United States Court of Federal Claims is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). This court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). With regard to implied contracts with the United States, this court has jurisdiction only over those contracts implied in fact, not those implied in law. *Hercules, Inc. v. United States,* 516 U.S. 417, 423, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996) (citations omitted); *City of Cincinnati v. United States,* 153 F.3d 1375, 1377 (Fed.Cir. 1998) (stating that implied-in-law contracts "impose duties that are deemed to arise by operation of law and are outside the jurisdiction of the Court of Federal Claims." (citations omitted)). "An implied-in-fact contract is one 'founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the

surrounding circumstances, their tacit understanding.'" *City of Cincinnati,* 153 F.3d at 1377 (quoting *Balt. & Ohio R.R. v. United States,* 261 U.S. 592, 597, 58 Ct.Cl. 709, 43 S.Ct. 425, 67 L.Ed. 816 (1923)). An implied-in-fact contract requires: "1) mutuality of intent to contract; 2) consideration; ... 3) lack of ambiguity in offer and acceptance .... [and, 4) a] Government representative 'whose conduct is relied upon ... [with] actual authority to bind the government in contract.'" *City of El Centro,* 922 F.2d at 820 (quoting *Juda v. United States,* 6 Cl.Ct. 441, 452 (1984) (citation omitted)).

### III. Discussion

Plaintiff contends: "The United States Court of Claims has subject matter jurisdiction over this claim under authority of 28 U.S.C. § 2501 et seq. and by virtue of the factual sufficiency of the claims inhering within this complaint." Compl. 2. Section 2501 of title 28 of the United States Code, however, simply states the statute of limitations for filing a claim in the Court of Federal Claims. It does not address the requirements for subject matter jurisdiction. *See* 28 U.S.C. § 2501. Furthermore, the court notes the lack of "factual sufficiency" in plaintiff's complaint. Plaintiff's complaint contains a list of occasions when contracts were offered and breached, but neglects to describe either the contracts or the breaches in any relevant detail. *See* Compl. 2–3. Plaintiff's complaint also fails to make clear what plaintiff considers to be its second contract or what facts plaintiff believes gave rise to the claimed breaches. *See id.*

### A. Plaintiff's Claims Are Not Founded Upon Implied Contracts

 Plaintiff responded to Defendant's Motion by arguing that his two previously filed suits alleging "racketeering" were implied contracts with the United States. Pl.'s Resp. 2. Plaintiff asserts that the elements to prove an implied-in-fact contract have been properly shown to be present. *Id.* at 2–3. It may be that plaintiff wishes to allege some form of offer and acceptance through his filing of his complaints and the acceptance of these filings by the clerks of court. *See id.*

at 2. Plaintiff alleges that the element of consideration is met by his payment of filing fees, expenditure of litigation resources, and that fact that his "complaints, if properly handled, would have inhered [ (sic) ] untold sums for the United States' treasury." *Id.* Plaintiff also states that he "relied on clear and unambiguous terms found at 18 U.S.C. § 1964(a)[ ] & [ ](c), and (d)."[1] *Id.* at 2–3. Finally, plaintiff asserts that the clerks for the United States District Court have capacity to contract. *Id.* at 2. Plaintiff further argues that by filing a complaint under the Racketeer Influenced and Corrupt Organization Act (RICO), plaintiff "was prepared to vindicate public policy," *id.* at 3, an argument the court finds irrelevant to the question of subject matter jurisdiction because the court has no jurisdiction of complaints under RICO. *Matthews,* 72 Fed.Cl. at 282 (holding that "[c]laims under ... RICO are criminal claims. This court lacks jurisdiction to adjudicate criminal claims." (citing *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir. 1994))).

The court does not agree with plaintiff's assertions that the elements of an implied-in-fact contract have been pleaded in his complaint. As defendant points out, Def.'s Mot. 6, plaintiff fails to allege facts sufficient to demonstrate offer and acceptance. Additionally, regardless of whether the terms contained in 18 U.S.C. § 1964 are "clear and unambiguous," as plaintiff urges, Pl.'s Resp. 2, this observation does not address whether plaintiff's alleged offer and acceptance were ambiguous. Plaintiff offers no authority for the proposition that the filing of a complaint by a plaintiff, and the acceptance of that filing by a clerk of court, could constitute the making of a contract with the United States. Nor does plaintiff offer any authority for the proposition that the payment of filing fees and the expenditure of litigation resources

could serve as consideration. As defendant states, "Mr. Garrett has failed to cite any case in which a RICO plaintiff was held to have contracted with the United States by virtue of filing a lawsuit[,] and we are not aware of any such case." Def.'s Reply 2. The court is similarly unaware of any such authority. Plaintiff has failed to allege the elements of a contract with the United States. His claim does not fall within the jurisdiction of this court.[2]

**B. Sanctions**

■ This court has authority to impose sanctions on parties pursuant to Rule 11 of the RCFC. Rule 11 states that by filing a complaint in this court, plaintiff "is certifying that ... it is not being presented for any improper purpose, such as to harass ...." and that it is "nonfrivolous." RCFC 11(b). According to defendant, Mr. Garrett filed fourteen suits in the Northern District of Oklahoma within a year and a half, appeared at least six times before the United States Court of Appeals for the Tenth Circuit in his own name, and appeared before the Eastern District of Oklahoma at least four times. Def.'s Mot. at 10. Plaintiff has not denied these facts. *See* Pl.'s Resp. *passim.* The repeated filing of baseless lawsuits may fairly be viewed as frivolous and harassing. The court believes this is the first time plaintiff has filed a lawsuit in this court. His complaint was without a jurisdictional basis.

■ Under Rule 11, sanctions are "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." RCFC 11(c)(2). Nonmonetary directives are permitted. *Id.* Defendant has requested that the court bar Mr. Garrett from filing complaints in this court without first obtaining permission from the court. This court has imposed similar

---

1. Section 1964 of the Racketeer Influenced and Corrupt Organizations Act (RICO) is entitled "Civil Remedies." *See* 18 U.S.C. § 1964. Section 1964(a) grants "jurisdiction to prevent and restrain violations of section 1962 of this chapter" to the district courts. 18 U.S.C. § 1964(a).

2. The court notes that even if plaintiff were to proceed under a different theory of recovery, such as the Due Process Clause, this court would

still lack jurisdiction. *See Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997) (The Court of Federal Claims "does not have jurisdiction to hear ... due process or seizure claims under the Fifth Amendment to the United States Constitution."); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (stating that the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause are not "a sufficient basis for jurisdiction.").

sanctions "[t]o prevent abuse of the judicial process by plaintiff." *Hornback v. United States,* 62 Fed.Cl. 1, 6 (2004); *see also Anderson v. United States,* 46 Fed.Cl. 725, 731 (2000), aff'd, 4 Fed.Appx. 871 (Fed.Cir. 2001) (Table), *cert. denied,* 533 U.S. 926, 121 S.Ct. 2577, 150 L.Ed.2d 713 (2001). The Eastern District of Oklahoma, the Northern District of Oklahoma, and the Tenth Circuit have all upheld similar restrictions regarding Mr. Garrett specifically. Def.'s Mot. 9; Opinion and Order, *Garrett v. Payne,* No. CIV–05–472–WH, No. CIV–06–042–WH (E.D.Okla. Feb. 23, 2006) (also located at Pl.'s Ex. 4); *Garrett v. Seymour,* 217 Fed. Appx. 835, 839 (10th Cir.2007) (Table) (enjoining Mr. Garrett "from proceeding as a petitioner … in this court unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se") (also located at Pl.'s Ex. 7); *Garrett v. Esser,* 53 Fed.Appx. 530, 531 (10th Cir.2002) (Table) (discussing plaintiff's failure "to comply with the filing sanctions imposed on him by the Northern District of Oklahoma."). Here, plaintiff has filed a single complaint and has been informed by this opinion of the court's view that the complaint is baseless. In light of the fact that plaintiff has brought a single lawsuit in this court, the court declines to impose sanctions.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint.

IT IS SO ORDERED.