NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRIS JAYE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2019-1458

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01200-LAS, Senior Judge Loren A. Smith.

---

Decided: August 6, 2019

---

CHRIS JAYE, Clinton, NJ, pro se.

RUSSELL JAMES UPTON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, PLAGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Chris Jaye ("Jaye"), proceeding pro se, appeals from a final decision of the United States Court of Federal Claims dismissing her complaint pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") for lack of jurisdiction. Because we agree that the Court of Federal Claims did not have jurisdiction over Jaye's claims, we *affirm*.

## BACKGROUND

On August 8, 2018, Jaye filed the present suit in the Court of Federal Claims, alleging breach of an implied contract with the United States, various violations of her constitutional rights, as well as an "unlawful taking scheme perpetrated by the State of New Jersey." Appellee's App. 5. Jaye's allegations all seem to stem from a dispute with her condominium association and other litigation—both in state and federal court—relating to her residence in New Jersey. *Id.* at 5–8.

The Court of Federal Claims dismissed the case *sua sponte* under Rule 12(h)(3) of the RCFC. The court explained that Jaye's "allegations do not give rise to any cause of action for which th[e] Court has subject-matter jurisdiction." *Id.* at 115–16. The court entered judgment on August 28, 2018. *Id.* at 117.

In December 2018, Jaye filed a "Notice of Motion to Vacate," which the court construed as a motion for relief from a judgment or order under Rule 60 of the RCFC. The Court of Federal Claims denied the motion, finding "no error or defect that affects plaintiff's substantial rights" and "no legitimate reason to vacate" its prior order. *Id.* at 119. The court explained that Jaye's "claim for implied contract is frivolous" and her allegations of a taking stem from state court judgments over which the court lacks jurisdiction. *Id.* at 120–21. Additionally, the court directed the Clerk of

Court to "accept no further filings or complaints related to the claims in the case at bar from Chris Ann Jaye without an order granting leave to file." *Id.* at 121.

Jaye timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Subject matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte. Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed. Cir. 2001); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). Pursuant to Rule 12(h)(3) of the RCFC, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." We review de novo a decision by the Court of Federal Claims to dismiss for lack of jurisdiction. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010).

In deciding whether there is subject matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354. Pro se parties are entitled to liberal construction of their pleadings and are generally held to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520–22 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Despite this leniency, a court may not "take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only." *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The plaintiff bears the burden of establishing the court's jurisdiction by a

preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The Court of Federal Claims is a court of limited jurisdiction. It derives that jurisdiction from the Tucker Act, which gives the court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, by itself, create any causes of action against the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976) ("The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."). Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

On appeal, Jaye argues that the Court of Federal Claims erred in dismissing her complaint because it had jurisdiction to consider her claims "involving an implied contract, constitutional issues and takings." Appellant Informal Br. ¶ 3. For the reasons explained below, the Court of Federal Claims correctly concluded that it lacked jurisdiction to consider Jaye's claims.

First, Jaye has not pled the elements of a valid contract—either express or implied—between herself and the United States. Like an express contract, an implied-in-fact contract requires: "(1) mutuality of intent to contract; (2) consideration; and, (3) lack of ambiguity in offer and acceptance." *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998). "When the United States is a

party, a fourth requirement is added: The government representative whose conduct is relied upon must have actual authority to bind the government in contract." *Id.*

In her complaint, Jaye alleges that she "has an implied contract with the United States upon paying court fees to access the court." Appellee's App. 2. Jaye argues that the United States breached that contract by "fail[ing] to provide competent judges" and requests that certain filing fees be returned to her. *Id.* at 22, 33 ("Plaintiff requests the return of all court fees paid to the United States as required by law with the exception of the fee paid for the case of 14-07471."). But the mere filing of a complaint and payment of a filing fee does not create a contract between the plaintiff and the United States. *See Garrett v. United States*, 78 Fed. Cl. 668, 671 (2007) (finding no authority supporting plaintiff's proposition that filing a complaint gives rise to a contract with the United States); *Stamps v. United States*, 73 Fed. Cl. 603, 610 (2006) (finding that the court lacked jurisdiction to hear plaintiff's claim alleging breach of an implied-in-fact contract stemming from the district court judge's acceptance of the case in forma pauperis). Because Jaye has not alleged the elements of a contract with the United States, her claim is not within the jurisdiction of the Court of Federal Claims.

As to Jaye's allegations of constitutional violations, it is well established that not every claim involving, or invoking, the Constitution necessarily confers jurisdiction upon the Court of Federal Claims. *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) ("[A] Tucker Act plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States."). Although the grounds for Jaye's constitutional challenges are not entirely clear, her complaint alleges violation of the separation of powers doctrine. Appellee's App. 23. The separation of powers doctrine does not "mandate payment of money by the government" and thus

cannot confer jurisdiction upon the Court of Federal Claims. *LeBlanc*, 50 F.3d at 1028. To the extent Jaye is claiming violation of her due process rights, the Due Process clause of the Fifth Amendment is not a sufficient basis for jurisdiction because it is not money-mandating. *Id.*

Next, Jaye asserts that the "United States acted a part in an unlawful taking scheme perpetrated by the State of New Jersey." Appellee's App. 5. The Court of Federal Claims found that, although Jaye claims that "takings" were committed against her, her complaint "lacks any factual basis for a taking." *Id.* at 115. We agree.

As the Court of Federal Claims explained, Jaye's takings allegations all stem from what she believes are "void judgments made by state courts." *Id.* at 120. The Court of Federal Claims has no jurisdiction to review state court judgments. *Potter v. United States*, 108 Fed. Cl. 544, 548 (2013) ("This Court, like all lower federal courts, lacks authority to review a state court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order."). And, although Jaye's caption identifies the United States as the defendant in this suit, many of her "takings-related" factual allegations are directed at New Jersey state officials and "state actors." Appellee's App. 6. It is well established that the Court of Federal Claims only has jurisdiction to hear claims against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (suits against parties other than the United States are "beyond the jurisdiction" of the Claims Court). To the extent Jaye's complaint seeks relief against defendants other than the United States, including state officials, state agencies, and other individuals, the Court of Federal Claims lacks jurisdiction over those claims. *Smith v. United States*, 99 Fed. Cl. 581, 583 (2011) ("[T]he Court of Federal Claims does not have jurisdiction to hear claims against states, localities, state and local government entities, or state and local government officials and employees.").

Finally, in her prayer for relief, Jaye asks the Court of Federal Claims to review several cases she filed in the United States District Court for New Jersey, all of which were dismissed. But "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). As such, the Court of Federal Claims cannot review any of the district court's decisions Jaye identifies in her complaint.[1]

CONCLUSION

We have considered Jaye's remaining arguments and conclude that they are without merit. Because the Court of Federal Claims lacks jurisdiction over the asserted claims, we *affirm*.[2]

––––––––––

[1] Jaye filed a "Motion to Rely on Original Record and Expand Record to Support Relief Denied." Motion, *Jaye v. United States*, No. 19-1458 (Fed. Cir. June 12, 2019), ECF No. 48. Therein, she argues that "the judges of the US District Court of New Jersey, US Court of Appeals, Third Circuit the Judicial Council of the Third Circuit had the power and duty to perform to uphold my rights. They did not. They are Government employees. They are directly involved in the taking, deprivation and seizure of my property." *Id.* at 1. To the extent Jaye seeks relief against any federal judges individually, the Court of Federal Claims does not have jurisdiction to address those claims. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Jaye's motion is denied.

[2] Jaye also filed a Motion for Court Copies, arguing that she has not received certain documents and requesting that the court send her copies via email. Motion, *Jaye v. United States*, No. 19-1458 (Fed. Cir. June 12, 2019),

## **AFFIRMED**

---

ECF No. 46.  That motion is denied.  All documents filed in
this appeal are available electronically through the Public
Access to Court Electronic Records (PACER) system.