NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN DACOSTA,**
*Plaintiff-Appellant,*

AND

**N.B. SALTY MILLER,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5097

---

Appeal from the United States Court of Federal Claims in case No. 09-CV-558, Judge George W. Miller.

---

Decided: September 9, 2010

---

JOHN DACOSTA, of Miami, Florida, pro se

N.B. SALTY MILLER, of Nashville, Tennessee, pro se.

KAREN G. GREGORY, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Wash-

ington, DC, for defendant-appellee. With her on the brief were JOHN A. DICICCO, Acting Assistant Attorney General, and KENNETH L. GREENE, Attorney.

---

Before RADER, *Chief Judge*, LINN and MOORE, *Circuit Judges*.

PER CURIAM.

John DaCosta and N.B. Salty Miller (collectively "Plaintiffs") appeal a final decision of the Court of Federal Claims, which dismissed their claims against the government for increased tax informant rewards. *DaCosta v. United States*, No. 09-CV-558, 2010 WL 537572 (Fed. Cl. Feb. 16, 2010) ("*DaCosta II*"). Because we agree that jurisdiction over Plaintiffs' claims is precluded by the Court of Federal Claims' earlier resolution of the same jurisdictional issue, *DaCosta v. United States*, 82 Fed. Cl. 549 (2008) ("*DaCosta I*"), we *affirm*.

BACKGROUND

Under 26 U.S.C. § 7623 (2006), the government rewards informants for reporting tax violations. Plaintiffs provided the Internal Revenue Service ("IRS") with information about such violations and filed Applications for Reward for Original Information. Plaintiffs each received $139,321.01 computed from the taxes that the IRS collected based on their tips. *DaCosta I*, 82 Fed. Cl. at 551.

In 2007, Plaintiffs sued the government pro se, claiming that the government actually collected over $2 million in taxes and that their rewards were a "gross underpayment" of a 15% reward allegedly promised by an IRS agent. The government moved to dismiss for lack of subject matter jurisdiction.

The Court of Federal Claims granted the government's motion. For tax information that Plaintiffs allegedly supplied after December 20, 2006, the Court ruled that Plaintiffs pleaded sufficient facts to state a claim under § 7623(b)(1), which mandates rewards for tips provided after that date, but that only the Tax Court had jurisdiction to hear this claim under § 7623(b)(4). *DaCosta I*, 82 Fed. Cl. at 555. For information supplied before December 20, 2006, the Court observed that Plaintiffs' claims fell under § 7623(a), which does not mandate relief. Instead, to establish jurisdiction under the Tucker Act, 28 U.S.C. § 1491, Plaintiffs needed to plead an "express or implied contract with the United States" for a reward. The Court interpreted Plaintiffs' complaint as alleging an implied-in-fact contract with the government. *DaCosta I*, 82 Fed. Cl. at 556. Such a contract requires the government to bind itself through an agent who possessed actual authority to contract. *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990). The Court held that Plaintiffs failed to plead sufficient facts to show that they contracted with an IRS agent who had actual authority, and therefore could not establish a basis for jurisdiction. *DaCosta I*, 82 Fed. Cl. at 557.

Plaintiffs did not appeal *DaCosta I*. Instead, in 2009, they filed a second complaint that restated their reward claims and included related claims for tortious breach of contract and breach of the duty of good faith and fair dealing. They also raised new facts, alleging that the IRS promised rewards by sending them a copy of IRS Publication 733; that the IRS institutionally ratified the contract by accepting their information; that the IRS entered an oral agreement by paying them each $139,321.01; and that the IRS purposely failed to collect the maximum possible taxes to avoid paying bigger rewards to Plaintiffs. *DaCosta II*, 2010 WL 537572, at *2.

The government again moved to dismiss for lack of jurisdiction. The Court of Federal Claims granted the motion, ruling in the alternative that (1) issue preclusion barred relitigation of subject matter jurisdiction, and (2) that Plaintiffs' new allegations still failed to show an implied-in-fact contract with the government. It also concluded that it lacked jurisdiction over Plaintiffs' remaining tort-based claims under the Tucker Act. Plaintiffs appeal the dismissal of their 2009 complaint. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"This Court reviews a dismissal of a claim for lack of jurisdiction by the Court of Federal Claims *de novo*." *Bank of Guam v. United States*, 578 F.3d 1318, 1325 (Fed. Cir. 2009). "We review a trial court's application of issue preclusion, also known as collateral estoppel, *de novo*." *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003). "Issue preclusion is generally appropriate if: (1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the first action." *Id.*

Plaintiffs' sole argument against issue preclusion is that their second complaint does not involve an identical jurisdictional issue because it alleges a contract implied in fact, while their complaint in *DaCosta I* pleaded a contract implied in law. Plaintiffs note that in their first complaint they cited and attached a copy of § 7623. Pls.' Principal Br. ¶ 10. They contrast this with the "300 pages of facts" that they submitted with their second complaint, which they dub "War and Peace." *Id.* ¶ 14. Based on this

change, they argue that they have stated a different claim with a different jurisdictional basis.

Plaintiffs misinterpret the distinction between a contract implied in law and in fact. The former is "a fiction of law where a promise is imputed to perform a legal duty, as to repay money obtained by fraud or duress." *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996) (quotations omitted). The latter "requires findings of: 1) mutuality of intent to contract; 2) consideration; and, 3) lack of ambiguity in offer and acceptance." *City of El Centro*, 922 F.2d at 820. The differences arise from the underlying legal theories, not what is attached to the complaint.

The Court of Federal Claims noted that Plaintiffs' first complaint alleged an "implied contractual relationship" without specifying whether the relationship was implied in law or in fact. *DaCosta II*, 2010 WL 537572, at *4. The Tucker Act does not provide jurisdiction over claims based on implied-in-law contracts. *See Barrett Ref. Corp. v. United States*, 242 F.3d 1055, 1059 (Fed. Cir. 2001). Recognizing this, the Court analyzed whether Plaintiffs' complaint alleged an implied-in-fact contract and determined that it did not. *DaCosta I*, 82 Fed. Cl. at 557. Therefore, the Court of Federal Claims has already decided that Plaintiffs could not establish an implied-in-fact agreement, and that decision precludes relitigation here because the jurisdictional issue is "identical to one decided in the first action," *Shell Petroleum*, 319 F.3d at 1338.

The new allegations in Plaintiffs' second complaint are of no consequence on this jurisdictional question. The Court of Federal Claims noted and applied the general rule that a jurisdictional issue cannot be revisited unless new, previously unavailable facts can cure the original jurisdictional defects. *See Park Lake Res. Ltd. Liab. Co. v.*

*U.S. Dep't of Agric.*, 378 F.3d 1132, 1137 (10th Cir. 2004) ("But the change in circumstances that cures the jurisdictional defect must occur subsequent to the prior litigation."); *Magnus Elecs., Inc. v. La Republica Arg.*, 830 F.2d 1396, 1401 (7th Cir. 1987) (preventing plaintiff from curing jurisdiction with facts it was "aware of from the beginning of the suit"); *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 (D.C. Cir. 1983) (same). The Court noted that all of Plaintiffs' new allegations about the IRS's conduct involve facts that arose before it decided *DaCosta I*, that Plaintiffs should have been aware of those facts, and that they should have amended their original complaint or sought reconsideration at that time. *DaCosta II*, 2010 WL 537572, at \*5-6. On appeal, Plaintiffs do not challenge these determinations or argue that their new allegations were previously unknown. Although we construe their pleadings liberally because they act pro se, *see Pentagen Techs. Int'l Ltd. v. United States*, 175 F.3d 1003, 1005 (Fed. Cir. 1999), Plaintiffs have not provided facts that would justify a new analysis of jurisdiction.

Because we agree that *DaCosta I* precludes relitigation of the issue of subject matter jurisdiction over Plaintiffs' contract and tort claims, we do not reach the Court of Federal Claims' alternative ruling that, if preclusion did not apply, Plaintiffs' complaint would still fail to allege sufficient facts to establish an implied-in-fact agreement with the government. For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

**AFFIRMED**

COSTS

No costs.