NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN DACOSTA,**

*Plaintiff-Appellant,*

**and**

**N.B. SALTY MILLER,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee,*

---

2011-5010

---

Appeal from the United States Court of Federal Claims in case No. 10-CV-115, Judge George W. Miller.

---

Decided: February 9, 2011

---

JOHN DACOSTA, of Miami, Florida, pro se.

N.B. SALTY MILLER, of Wake Forest, North Carolina, pro se.

KENNETH W. ROSENBERG, Attorney, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were JOHN A. DICICCO, Acting Assistant Attorney General, and BRIDGET M. ROWAN, Attorney.

———————————

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges*.

PER CURIAM.

This case is an appeal from a Court of Federal Claims judgment dismissing John DaCosta and N.B. Salty Miller's claim for breach of an implied-in-fact contract with the United States for lack of jurisdiction. Because relitigation of the issue of jurisdiction is barred by issue preclusion, we *affirm*.

BACKGROUND

This is the third suit filed by John DaCosta and N.B. Salty Miller (collectively, Plaintiffs) seeking increased payouts from IRS's whistleblower program, 26 U.S.C. § 7623(b). In the first suit, the Court of Federal Claims held that it lacked jurisdiction over the Plaintiffs' claims because they failed to allege the elements of an implied-in-fact contract. *DaCosta v. United States*, 82 Fed. Cl. 549, 557-58 (2008) (*DaCosta I*). The Plaintiffs did not amend their complaint or appeal that decision.

Instead, the Plaintiffs filed a second suit (*DaCosta II*), again based on the perceived insufficiency of the whistle-blower award. The Court of Federal Claims again dismissed the suit, determining that the complaint presented the same jurisdictional issue decided in *DaCosta I*, namely whether it had jurisdiction over Plaintiffs' alleged implied-in-fact contract. *DaCosta v. United States*, No.

09-CV-558, 2010 WL 537572, at *4 (Fed. Cl. Feb. 16, 2010). Plaintiffs appealed the judgment in *DaCosta II*.

With the appeal in *DaCosta II* pending, Plaintiffs filed the present litigation, claiming once again that IRS owed them money for information provided through the whistleblower program. Unlike *DaCosta I* and *DaCosta II*, which both related to the same taxpayer (Taxpayer A), this case involves a different taxpayer (Taxpayer B). The alleged contract in this case, however, arises from the same series of events and conversations with IRS as in *DaCosta I* and *DaCosta II*. *DaCosta v. United States*, No. 1:10-cv-115-GWM, 2010 WL 3260168, at *3 (Fed. Cl. Aug. 13, 2010).

The government moved to dismiss for lack of jurisdiction. The Court of Federal Claims granted the motion, holding that the contractual relationship alleged by Plaintiffs was identical to the contract alleged in *DaCosta I* and *DaCosta II*, and therefore presented identical (and already decided) jurisdictional issues. *Id.* at *6. The court also dismissed the case on the alternative ground that Plaintiffs failed to sufficiently allege an implied-in-fact contract with the government. The court then dismissed the remainder of Plaintiffs' tort-based claims for lack of jurisdiction. After the Court of Federal Claims issued its decision in this case, we affirmed its ruling in *DaCosta II* on the ground that Plaintiffs could not relitigate the jurisdictional issue previously decided in *DaCosta I*. *DaCosta v. United States*, 393 Fed. Appx. 712 (Fed. Cir. 2010) (nonprecedential).

Plaintiffs appeal the dismissal of their complaint. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review a trial court's application of issue preclusion de novo. *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003). "Under the doctrine of issue preclusion, a judgment on the merits in a first suit precludes relitigation in a second suit of issues actually litigated and determined in the first suit." *Id.* at 1338 (internal quotations omitted). Issue preclusion applies if: "(1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the first action." *Id.*

In *DaCosta II* we held that Plaintiffs' claims were barred because they presented the same jurisdictional issue that was fully litigated in *DaCosta I*. *DaCosta*, 393 Fed. Appx. at 715. We further explained that the additional allegations in Plaintiffs' *DaCosta II* complaint did not allow them to relitigate the jurisdictional issue since there were no new, previously unavailable facts that cured the original jurisdictional defects. *See id.* (citing *Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1137 (10th Cir. 2004); *Magnus Elecs., Inc. v. La Republica Arg.*, 830 F.2d 1396, 1401 (7th Cir. 1987); *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192 (D.C. Cir 1983)).

Plaintiffs argue that the current suit is not barred because *DaCosta I* allegedly involved a contract implied-in-law while this case involves an alleged contract implied-in-fact. We rejected this argument in *DaCosta II*, and determined that *DaCosta I* involved a contract implied-in-fact which created a jurisdictional bar to subsequent suits for a breach of the same contract implied-in-fact.

*DaCosta*, 393 Fed. Appx. at 714-15. The contract alleged here, while purportedly targeting money collected from Taxpayer B, is nevertheless the same contract that was the subject of *DaCosta I* and *DaCosta II*. *DaCosta*, 2010 WL 3260168, at *6. Although we construe Plaintiffs' pro se pleadings liberally, Plaintiffs plead no new facts, unavailable at the time of the prior cases, which justify revisiting our prior decision. As such, the jurisdictional issue presented here is identical to the ones decided in *DaCosta I* and *DaCosta II*, and Plaintiffs' claims are barred for the same reasons as in *DaCosta II*.

We have considered Plaintiffs' additional arguments on appeal and find them to be without merit. We need not reach the Court of Federal Claims' alternative rulings.

**AFFIRMED**