# United States Court of Appeals for the Federal Circuit

---

**ROY J. MEIDINGER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1518

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01521-CFL, Senior Judge Charles F. Lettow.

---

Decided: March 8, 2021

---

ROY J. MEIDINGER, Fort Myers, FL, pro se.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before NEWMAN, LOURIE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Roy J. Meidinger filed suit in the United States Court of Federal Claims, seeking damages for breach of an asserted contract with the United States based on his submission of whistleblower information to the Internal Revenue Service (IRS) in accordance with 26 U.S.C. § 7623. He states that "the submission of the whistleblower claim [identifying tax evaders] is the formation of a contract" and "the IRS breached its contractual duties and responsibilities to collect the taxes [and] do any investigations." Meidinger Compl., S.Appx. 12.[1] He seeks damages for breach of contract.

The Court of Federal Claims held that the submission of whistleblower information did not create a contract with the IRS, and dismissed the complaint.[2] We affirm the dismissal.

## BACKGROUND

In 2009 Mr. Meidinger submitted whistleblower information to the IRS pursuant to 26 U.S.C. § 7623. He states that he provided "detailed information and expert support documentation" concerning "one million taxpayers in the healthcare industry that are involved in a kickback scheme." CFC Op. at 493. Relevant statutory provisions include:

---

[1] "S.Appx" refers to the Supplemental Appendix filed by the government. "Appx" refers to the Appendix filed by Mr. Meidinger.

[2] *Meidinger v. United States*, 146 Fed. Cl. 491 (2020) ("CFC Op.").

### 26 U.S.C. § 7623.  Expenses of detection of under-payments and fraud, etc.

**(a)  In general.**

The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for—

(1)  detecting underpayments of tax, or

(2)  detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same,

in cases where such expenses are not otherwise provided for by law.  Any amount payable under the preceding sentence shall be paid from the proceeds of amounts collected by reason of the information provided, and any amount so collected shall be available for such payments.

**(b) Awards to whistleblowers.**

**(1) In general.**

If the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2), receive as an award at least 15 percent but not more than 30 percent of the proceeds collected as a result of the action (including any related actions) or from any settlement in response to such action (determined without regard to whether such proceeds are available to the Secretary).  The determination of the amount of such award by the Whistleblower Office shall depend upon the extent to which the individual substantially contributed to such action.

IRS Form 211, entitled "Application for Award for Original Information," starts the procedure by which a whistleblower obtains an award under § 7623. "A claimant must file a formal claim for award by completing and sending Form 211 … to be considered for the Whistleblower Program." Internal Revenue Service, Cat. No. 16571S, Instructions for Form 211, Application for Award for Original Information (2018).

Section 7623 provides for appeal of IRS determinations concerning whistleblower awards. Until 2006 the Court of Federal Claims decided such appeals. In 2006 the appeal path was changed to the Tax Court. Statutory provisions, as here relevant, include:

**26 U.S.C. § 7623(b)**

\* \* \*

**(4) Appeal of award determination.**

Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

\* \* \*

**(6) Additional rules.**

**(A)** No contract necessary.

No contract with the Internal Revenue Service is necessary for any individual to receive an award under this subsection.

Mr. Meidinger, in 2009, filed a Form 211 Application. The IRS acknowledged receipt of the information, but did not take administrative or judicial action against the accused persons. The IRS notified Mr. Meidinger of that determination, as provided by IRS Manual § 3.08.

Mr. Meidinger appealed in the Tax Court, in accordance with § 7623(b)(4). He alleged abuse of discretion by the IRS in denying his whistleblower award, and failure of the IRS to adequately explain its determination not to investigate his information. He stated that the IRS created a contract when it confirmed receipt of his Form 211 Application, thus obligating the IRS to investigate the information and to pay the statutory award. The IRS responded that an award was not appropriate because the IRS had not taken administrative or judicial action or collected any tax or penalty based on the information he provided.

The Tax Court held that it lacked authority to order the IRS to investigate or conduct an administrative proceeding or initiate judicial action. The court granted summary judgment in favor of the IRS. *Meidinger v. Comm'r of I.R.S.*, No. 16513-12W (U.S.T.C. 2013).

Mr. Meidinger appealed the Tax Court's decision to the Court of Appeals for the District of Columbia Circuit. That court affirmed that Mr. Meidinger was not eligible for a whistleblower award "because the information appellant provided did not result in initiation of an administrative or judicial action or collection of tax proceeds." *Meidinger v. Comm'r of I.R.S.*, 559 F. App'x 5, 6 (D.C. Cir. 2014) (quotation marks omitted). The court stated that neither the Tax Court nor the D.C. Circuit has authority to order the IRS to act on a whistleblower's submission of information. *Id.*

In May 2018, Mr. Meidinger filed another Form 211 Application, with the same information as his previous submission. The IRS acknowledged receipt, but again did not act on the information, advising Mr. Meidinger that the information was "speculative" and "did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws." *Meidinger v. Comm'r of I.R.S.*, No. 16585-18W, at 1 (U.S.T.C. 2018).

Mr. Meidinger again appealed to the Tax Court. The Tax Court granted the IRS's motion to dismiss for failure to state a claim, stating that no award obligation arose because the disclosure did not lead to any administrative or judicial proceeding or collection of any tax. *Id.* at 2.

Mr. Meidinger again appealed to the District of Columbia Circuit. He stated that his interactions with the IRS created an implied-in-fact contract that had been breached by the IRS. The D.C. Circuit affirmed the decision of the Tax Court. In its opinion the Circuit stated that "[i]nsofar as [Mr. Meidinger] seeks to pursue a breach of contract claim against the Internal Revenue Service, such a claim is properly filed in the U.S. Court of Federal Claims." *Meidinger v. Comm'r of I.R.S.*, 771 F. App'x. 11, 12 (D.C. Cir. 2019). The court recited the Tucker Act:

> **28 U.S.C. § 1491(a)(1)**-- The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id.* (quoting 28 U.S.C. § 1491(a)(1)). Mr. Meidinger then filed suit in the Court of Federal Claims. That court granted the government's motion to dismiss, leading to this appeal.

## DISCUSSION

Questions of jurisdiction receive plenary review on appeal. *Petro-Hunt, LLC v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017). Questions of statutory interpretation also receive plenary review. *Adair v United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007). In deciding a motion to dismiss, a court is "obligated to assume all factual

allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

The Court of Federal Claims dismissed Mr. Meidinger's complaint on the ground of lack of subject matter jurisdiction, stating that appeals concerning whistleblower awards under 26 U.S.C. § 7623(b) are assigned exclusively to the Tax Court. The Court of Federal Claims alternatively dismissed the complaint under Rule 12(b)(6) for failure to state a claim for breach of contract, finding that no contract existed between the IRS and Mr. Meidinger.

On appeal, it is unclear whether Mr. Meidinger argues that the Court of Federal Claims had jurisdiction to make an initial award under § 7623 or asserts the existence of a contract even when no award would be recoverable under § 7623. As we discuss below, if it is the former, jurisdiction over that claim lies solely within the purview of the Tax Court. If it is the latter, as it appears more clearly to be, he has failed to state a claim for the reasons set out in *Merrick v. United States,* 846 F.2d 725, 726 (Fed. Cir. 1988).

Enacted in 2006, 26 U.S.C. § 7623(b)(4) authorizes the Tax Court to receive appeals of claims arising from the whistleblower award provision of the Tax Code. In *DaCosta v. United States*, 82 Fed. Cl. 549 (2008), the Court of Federal Claims addressed, for the first time, the question whether, under the new scheme, the Tax Court had exclusive jurisdiction over § 7623 appeals. Reasoning by analogy to the Supreme Court's decision in *Hinck v. United States*, 550 U.S. 501 (2007), concerning the Tax Court's exclusive jurisdiction over IRS actions on interest abatement, the court held that "claims based upon subsection 7623(b)(1) are within the exclusive jurisdiction of the Tax Court." *DaCosta*, 82 Fed. Cl. at 555. This conclusion was reiterated in *Capelouto v. United States*, 99 Fed. Cl. 682, 691 (2011) ("Because Congress has vested the United States Tax Court with subject matter jurisdiction over

suits to recover an award under section 7623(b), such suits are beyond the jurisdiction of this court."). We agree with the Court of Federal Claims' analysis and hold that the Tax Court has exclusive jurisdiction over claims based on § 7623. Thus, to the extent that Mr. Meidinger asserts a claim under § 7623, dismissal of those claims for lack of jurisdiction was appropriate.

Mr. Meidinger further argues that he had a contract with the IRS. He states he is seeking damages for breach of that contract. Mr. Meidinger argues that a contract arose because § 7623(b)(1) is an offer of payment for information about tax evaders, which he accepted by providing the Form 211 information. He states that the Court of Federal Claims erred in holding that neither an express contract nor an implied-in-fact contract arose.

Mr. Meidinger's contract claim fails. In *Merrick v. United States,* 846 F.2d 725 (Fed. Cir. 1988) this court held that an enforceable contract under § 7623 arises "only after the informant and the government negotiate and fix a specific amount as the reward." *Id.* at 726. No such negotiation and agreement occurred on Mr. Meidinger's information.

Mr. Meidinger argues that the legislative purpose of 26 U.S.C. § 7623 is that the whistleblower payment obligation arises upon submission of the whistleblower disclosure, as demonstrated in the new version of § 7623(b)(6)(A) making clear that no contract is needed to support an award. This provision supports jurisdiction in the Tax Court to grant an award absent a contract; it does not enlarge the jurisdiction of the Court of Federal Claims. The Court of Federal Claims correctly held that the submission of a whistleblower Application Form 211 does not create a contract-based obligation enforceable in that court.

Finally Mr. Meidinger argues that the D.C. Circuit sent him to the Court of Federal Claims. The D.C. Circuit indeed informed Mr. Meidinger that the Court of Federal

Claims has jurisdiction over claims founded on a contract with the United States. The D.C. Circuit did not find that such a contract existed, however.

## CONCLUSION

The Court of Federal Claims correctly held that it lacks jurisdiction over § 7623 whistleblower claims and that Mr. Meidinger did not otherwise plausibly plead the existence of a contract with the government. The dismissal of the complaint is affirmed.

**AFFIRMED**