# In the United States Court of Federal Claims

No. 19-1707C
(Filed June 4, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
MARK DOWNEY,                      *
                                  *
              Plaintiff,          *
                                  *
     v.                           *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff Mark Downey, proceeding *pro se*, filed a lengthy, detailed, but nearly incomprehensible complaint against the United States (particularly the Department of Transportation and the Environmental Protection Agency), also naming the Goodyear Tire & Rubber Company and DuPont as defendants.[1] Compl., ECF No. 1, at 5, 8–9.[2] Plaintiff's primary contention seems to be that he submitted a proposal regarding his idea of a biodegradable tire, and the proposal was ignored. *Id.* at 5, 10–12. He also complains that he spent 15 hours a day for 5 years compiling over a half million whistleblower complaints, *id.* at 15, which the Internal Revenue Service (IRS) ignored and ultimately destroyed, *id.* at 19–22, 29–30, 34, 47; and that he also submitted 105 tort claims to 75 (or 72) different agencies, Compl. at 19, 34–35, 38,

---

[1] Our court does not have jurisdiction over claims brought against private parties. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Ambase Corp. v. United States*, 61 Fed. Cl. 794, 796 (2004). Thus, Mr. Downey's claims against the two businesses are beyond our subject-matter jurisdiction and are accordingly **DISMISSED** under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims.

[2] As the complaint consists of both the 3-page standard form and an attached, detailed document, the latter of which began with a page numbered "1," to avoid confusion the Court cites the page numbers supplied by ECF.

51, which were also ignored, *id.* at 29, 44. He seeks a total award of $524,680,000. *Id.* at 7.

The government filed a motion to dismiss the case for lack of subject-matter jurisdiction, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), ECF No. 7, to which Mr. Downey had failed to respond. On May 3, 2021, the Court issued an order allowing plaintiff to file a response to the motion on or by May 21, 2021, and warning him that the failure to do so might result in a dismissal for failure to prosecute, pursuant to RCFC 41(b). ECF No. 12. No response to the government's motion has been received, which is a sufficient reason for dismissing this case.

Moreover, because Mr. Downey is representing himself, the Court carefully reviewed the complaint and has confirmed that, even if everything he alleges is true (to the extent it can be understood), it fails to include any claims within our subject-matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a). Plaintiff has not identified a money-mandating law that the government has allegedly violated, *see United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); nor has he articulated the breach of a contract with the government, *see* 28 U.S.C. § 1491(a). For instance, the Eighth Amendment, *see* Compl. at 48–49, does not mandate the payment of money if violated. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007). Congress has specifically withheld cases "sounding in tort" from our jurisdiction, 28 U.S.C. § 1491(a), so Mr. Downey's tort claims cannot be heard by our court. And while the government's actual use of unsolicited ideas could be addressed by a claim in our court, *see Airborne Data, Inc. v. United States*, 702 F.2d 1350, 1360 (Fed. Cir. 1983), Mr. Downey's complaint is that his idea was ignored, *see* Compl. at 5. Our court does not have jurisdiction over criminal law matters. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Stanwyck v. United States*, 127 Fed. Cl. 308, 313 (2016).[3] And while a bounty for information that leads to IRS recoveries might be mandated by federal law, *see Meidinger v. United States*, 989 F.3d 1353, 1354 (Fed. Cir. 2021) (citing 26 U.S.C. § 7623), the court with jurisdiction over such matters is the U.S. Tax Court, not ours, *Meidinger*, 989 F.3d at 1358; 26 U.S.C. § 7623(b)(4)---and in any event, Mr. Downey's complaint is not that he failed to receive a percentage of any such proceeds, but that his tips were ignored. *See* Compl. at 6. In sum, the complaint fails to contain any allegations that would place the matter within our jurisdiction.

But, as noted above, despite being on notice of the potential consequence, Mr. Downey has failed to respond to the government's motion to dismiss his case, and the case is accordingly **DISMISSED** for his failure to prosecute it, under RFCF 41(b). *See Green v. United States*, No. 17-622C, 2017 WL 4803826, at *1 (Fed. Cl.

---

[3] Plaintiff inexplicably cites 18 U.S.C. § 2255 as a basis for his claims. Compl. at 6, 25, 35–36. This statute concerns matters, however, brought in U.S. district courts, and not our court. See 18 U.S.C. § 2255(a).

Oct. 25, 2017).  The government's motion to dismiss the case is thus **DENIED** as moot.  The Clerk shall enter judgment accordingly.


**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Senior Judge