NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGELA A. JOSEPH,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1647

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01304-AOB, Judge Armando O. Bonilla.

---

Decided:  January 7, 2025

---

ANGELA A. JOSEPH, Flint, MI, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, TARANTO, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Angela A. Joseph appeals a decision of the United States Court of Federal Claims ("Claims Court") dismissing her amended complaint for lack of subject-matter jurisdiction. We *affirm*.

## BACKGROUND

Dr. Joseph was appointed to work at the Aleda E. Lutz Veterans Affairs Medical Center, a Department of Veterans Affairs ("VA") hospital, as a full-time Title 38 § 7401(1) physician in 2016. On May 21, 2018, her clinical privileges were administratively suspended, and she was subsequently terminated on August 27, 2018, both based on her alleged treatment of three patients under her care. The Standard Form ("SF")-50 filed to her personnel record states that Dr. Joseph was terminated pursuant to 5 C.F.R. § 315.804 with the stated reason as "separation during probation."[1] An Appeals Panel of the VA conducted an internal review of Dr. Joseph's termination, which found no professional misconduct by Dr. Joseph and amended her record to reflect that her clinical privileges expired in good standing. The Appeals Panel could not and did not set aside her termination.[2]

---

[1] This regulation was subsequently rescinded and replaced by 5 C.F.R. § 316.304. *See* Off. of Personnel Mgmt., 90 Fed. Reg. 26727, 26727–29 (June 24, 2025).

[2] Internal peer review panels composed of other doctors, such as the one that evaluated Dr. Joseph, are typically convened by hospitals to evaluate allegations of professional misconduct against physicians in order to maintain standards of care while giving accused physicians the opportunity to respond before any allegations are reported to relevant state licensing agencies. *See* VHA Handbook 1100.19, para. 6(i)(4)(d) (2007); *see also*

After exhausting other avenues to contest her termination,[3] Dr. Joseph brought suit in the Claims Court, alleging that she was appointed as a VA physician under 38 U.S.C. § 7401, that the VA breached her employment contract and its own policies by separating her, and that she was entitled to backpay and other damages. The Claims Court determined that it lacked jurisdiction over her suit because Dr. Joseph served by appointment and thus had no contractual rights against the government.

Dr. Joseph now appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Claims Court's grant of a motion to dismiss for lack of subject matter jurisdiction. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023). For the purpose of this review, we accept all factual allegations in the complaint as true and draw all

---

*Gabaldoni v. Wash. Cnty. Hosp. Ass'n*, 250 F.3d 255, 262 (4th Cir. 2001) (citing 42 U.S.C. § 11112).

[3]   Dr. Joseph previously challenged her termination as based on alleged discrimination before the Merit Systems Protection Board, which dismissed for lack of jurisdiction because physicians appointed under 38 U.S.C. § 7401(1) do not have appeal rights to the Board. *See* 5 U.S.C. § 7511(b)(10); 38 U.S.C. § 7403. She then challenged her termination based on alleged discrimination in the United States District Court for the Eastern District of Michigan and on appeal to the Sixth Circuit, alleging a violation of Title VII of the Civil Rights Act of 1964. *Joseph v. Sec'y of the Dep't of Veterans Affs.*, No. 19-cv-10828, 2021 WL 4316854 at *4 (E.D. Mich. Sept. 23, 2021), *aff'd sub nom. Joseph v. McDonough*, No. 21-1736, 2022 WL 19837507 (6th Cir. Dec. 27, 2022), *cert denied*, 144 S.Ct. 103 (2023). She was unsuccessful. *See id.* at *5.

reasonable inferences in favor of the plaintiff. *Meidinger v. United States*, 989 F.3d 1353, 1357 (Fed. Cir. 2021) (quoting *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Although "[w]e give pro se plaintiffs more latitude in their pleadings than a party represented by counsel," *Roman*, 61 F.4th at 1370 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this lenience will not enable a litigant to overcome a jurisdictional requirement that said litigant has not satisfied, *see Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Dr. Joseph primarily contends that she had an enforceable employment contract with the federal government that was breached and that her claim was within the Claims Court's jurisdiction. Specifically, Dr. Joseph alleged a "Breach of Contract" based on the termination of her "contract with the VA to provide medical care to veterans" as an employee appointed to a full-time Title 38 employee physician position. Amended Compl. 4, *Joseph v. United States*, No. 1:24-cv-1304 (Cl. Ct. Aug. 30, 2024), Dkt. No. 4 ("Amended Compl.").

Employees appointed to positions in the federal government do not generally have enforceable contract rights. *See Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 741 (1982) (finding no contractual rights created by civilian employment in the military); *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985) (noting the "well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government"); *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that a "contract between government and one of its employees is possible, but it must be specifically spelled out as a contract"). The amended complaint admitted that Dr. Joseph "was appointed under 38 [U.S.C. §] 7401." Amended Compl. 1. Because the amended complaint did not allege any special

circumstances or other bases for an enforceable contract, it did not adequately allege that there was an employment contract such that the Claims Court could assert jurisdiction. *See Hamlet v. United States*, 63 F.3d 1097, 1102 (Fed. Cir. 1995) (holding that Claims Court lacked jurisdiction over breach of contract claim brought by federal employee whose employment was "by appointment and not by contract").

Dr. Joseph also argues that the Claims Court had jurisdiction over her claim that the VA failed to adhere to the requirements of the VA Handbook. Dr. Joseph alleged that the VA "violated its Handbook Policies and Directives" because "[t]here is no provision in any VHA Handbook or Directive that allows for a satisfactory employee with no findings of substandard care, professional misconduct, or professional incompetency to be removed." Amended Compl. 3–4. A provision of the VA Handbook could only be found to be money-mandating if it is "an enforceable 'regulation of an executive department,'" and the provision "can be fairly interpreted to create a substantive right to monetary compensation from the United States." *Hamlet*, 63 F.3d at 1102. Even assuming *arguendo* that the VA Handbook is an enforceable regulation of the VA, Dr. Joseph's amended complaint did not identify any particular provision that can be fairly interpreted as establishing a right to monetary compensation for her removal.

On appeal, Dr. Joseph asserts new arguments, including an argument based on the Takings Clause. Dr. Joseph may not assert new claims on appeal that are not alleged in her amended complaint. Dr. Joseph also states that she is "seeking for the SF-50 to be corrected to show that on August 27, 2018, [her] clinical privileges were expired in good standing." Appellant's Informal Br. 4. The Claims Court does not have jurisdiction to award injunctive relief that is not "incident of and collateral to" a monetary judgment. *See* 28 U.S.C. § 1491(a)(2).

This does not suggest that employees in Dr. Joseph's position lack a remedy if they can establish they were improperly terminated. Section 7401(1) employees may seek review of termination based on alleged professional misconduct before a Disciplinary Appeals Board. 38 U.S.C. § 7462. Any unfavorable decision may then be appealed to the Secretary of Veterans Affairs and potentially challenged in district court. 38 U.S.C. § 7462(d)(2)–(3); *see Dubnow v. McDonough*, 30 F.4th 603, 608 (7th Cir. 2022) (VA physician brought action challenging termination in district court).

We have considered Dr. Joseph's other arguments and have found them unpersuasive.

## AFFIRMED

### COSTS

No costs.