NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH C. PAYNE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1437

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01315-PSH, Judge Philip S. Hadji.

---

Decided:  March 3, 2026

---

JOSEPH C. PAYNE, Millsboro, DE, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, BRYSON, and STOLL, *Circuit Judges*.

PER CURIAM.

Joseph C. Payne appeals a judgment of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of subject-matter jurisdiction. We *affirm*.

## BACKGROUND

Mr. Payne alleged that he worked at the United States Postal Service from 1980 to 2015. In 2021, he filed an appeal at the Merit Systems Protection Board (the "Board") arguing that in 2008, the Postal Service failed to promote him to a vehicle operations and maintenance assistant position. He asserted two claims, one under the Veterans Employment Opportunity Act (the "VEOA") and the other under the Uniformed Services Employment and Reemployment Rights Act (the "USERRA"). The Board dismissed the VEOA claim as untimely, as the relevant statute requires that VEOA claims must be filed within 60 days of the alleged violation. *See* 5 U.S.C. §§ 3330a(a)(1)(A), (a)(2)(A). The Board also dismissed the USERRA claim under the doctrine of laches. Mr. Payne appealed the dismissal of his USERRA claim, but not the VEOA claim, and we affirmed. *Payne v. Merit Sys. Prot. Bd.*, No. 2023-2204, 2024 WL 3423018 at *2–3 & *2 n.2 (Fed. Cir. July 16, 2024). In July 2024, Mr. Payne filed a petition for writ of certiorari challenging our decision. *See* Petition, No. 24-5296 (U.S. July 27, 2024). The Supreme Court has since closed the docket for Mr. Payne's petition for a writ of certiorari after Mr. Payne failed to pay the required docketing fee.

In August 2024, before the Supreme Court acted on the certiorari petition, Mr. Payne filed a complaint in the Claims Court alleging that errors with the Postal Service job posting for a vehicle assistant position did not comply with the VEOA or USERRA, apparently in reference to the same promotion dispute he had appealed to the Board in 2021. Complaint at 1–2, *Payne v. United States*, No. 1:24-

cv-1315 (Fed. Cl. Aug. 26, 2024). The Claims Court dismissed the complaint for lack of subject-matter jurisdiction. Mr. Payne appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Claims Court's grant of a motion to dismiss for lack of subject-matter jurisdiction. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023). For the purpose of this review, we accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Meidinger v. United States*, 989 F.3d 1353, 1357 (Fed. Cir. 2021) (quoting *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Although "[w]e give pro se plaintiffs more latitude in their pleadings than a party represented by counsel," *Roman*, 61 F.4th at 1370 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), this lenience will not enable a litigant to overcome a jurisdictional requirement, *see Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Claims Court construed Mr. Payne's complaint as a collateral attack on our prior decision affirming the Board's dismissal of Mr. Payne's appeal. It accordingly dismissed the complaint because challenges to a decision of the Federal Circuit must be pursued only at the Supreme Court and may not be brought through an action at the Claims Court. 28 U.S.C. § 1254; *see also Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) ("Permitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."); 5 U.S.C. § 7703(b)(1)(A) (requiring challenges to the Board's decisions to be filed in this court). In his informal brief, Mr. Payne continues to argue the merits of his prior petition for review. Because Mr. Payne's complaint sought to

revisit our prior decision concerning the failure to promote him to the vehicle assistant position, the Claims Court did not err in dismissing it for lack of jurisdiction.

We have considered Mr. Payne's other arguments and find them unpersuasive in light of this jurisdictional issue.

## AFFIRMED

COSTS

No costs.